# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DORIAN RAGLAND, Defendant. | No. 06-CR-1-LRR **AMENDED AND SUBSTITUTED ORDER** |

_____

The court sua sponte amends and clarifies its previous Order (docket no. 55) granting Defendant's Motion in Limine (docket no. 49). This order shall replace the Order at docket no. 55.

Defendant filed a Motion in Limine on July 5, 2006, requesting that the court exclude hearsay statements by the decedent, Zachary Lane. Defendant asserted that the government improperly relied on Federal Rule of Evidence 804(b)(6), the doctrine of forfeiture by wrongdoing. In its Response to Defendant's Motion in Limine (docket no. 50), the government acquiesced to Defendant's assertion, agreed that the doctrine of forfeiture by wrongdoing did not apply to "the instant matter," and noted that it would "not introduce evidence of decedent's prior statements." On August 4, 2006, the court granted Defendant's seemingly unresisted Motion.

On August 25, 2006, the parties appeared before the undersigned for a Final Pretrial Conference. Defendant raised the issue of excluding Zachary Lane's statements. The government argued that the statements are admissible as co-conspirator hearsay under Rule of Evidence 801(d)(2)(E).

The court now clarifies its previous August 4, 2006 Order. Federal Rule of Evidence 804(b)(6) does not apply to statements made by Zachary Lane, because the government does not intend to prove that Defendant distributed heroin to Zachary Lane to procure his unavailability to testify as a witness. *See United States v. Emery*, 186 F.3d 921, 926 (8th Cir. 1999) (holding that a deceased witness's hearsay statements were admissible because the defendant intentionally killed the witness to prevent the witness from testifying against him). Accordingly, Zachary Lane's hearsay statements are not admissible pursuant to Rule 804(b)(6).

However, Zachary Lane's statements may be admissible as a co-conspirator's statement pursuant to Federal Rule of Evidence 801(d)(2)(E). The court reserves ruling on the admissibility of Zachary Lane's statements as a co-conspirator's statements until trial. *See United States v. Bell*, 573 F.2d 1040 (8th Cir. 1978) (holding that out-of-court statements are admissible if the government demonstrates that a conspiracy existed and the statements were made during and in furtherance of that conspiracy).

**IT IS SO ORDERED.**

(1) Defendant's Motion in Limine (docket no. 49) is **GRANTED**;

(2) The testimony of decedent, Zachary Lane, is not admissible pursuant to Federal Rule of Evidence 804(b)(6);

(3) The court reserves ruling on the admissibility of Zachary Lane's statements as a co-conspirator's hearsay statement; and

(4) The period between the filing of Defendant's Motion in Limine and the filing of this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. §

3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 28th day of August, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA