**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| Plaintiff, | ‖ | No. 06-CR-01-LRR |
| vs. | ‖ | |
| DORIAN RAGLAND, | ‖ | **ORDER TO SHOW CAUSE TO TAVAR STEPHENS** |
| Defendant. | ‖ | |

_____

## *I. INTRODUCTION*

Before the court is the government's Motion to Enter an Order to Show Cause ("Motion") (docket no. 93). The court shall grant the Motion and issue the instant Order to Show Cause to Tavar Stephens.

## *II. RELEVANT PRIOR PROCEEDINGS*

On September 22, 2006, the government filed the Motion. On September 27, 2006, Tavar Stephens filed a Resistance. On September 28, 2006, the court held a hearing on the Motion.

## *III. CRIMINAL CONTEMPT*

In the Motion, the government asks the court to issue an order to show cause to Tavar Stephens for his alleged criminal contempt during the trial of Dorian Ragland in case number No. 06-CR-01-LRR. Title 18, United States Code, Section 401 provides:

> **§ 401. Power of court**
>
> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—

**(1)** Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

**(2)** Misbehavior of any of its officers in their official transactions;

**(3)** Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401. "[I]t is well established by the case law that [Section] 401 serves as the general statutory authority for punishment of criminal contempt." *United States ex rel. Shell Oil Co. v. Barco Corp.*, 430 F.3d 998, 1000 (8th Cir. 1970) (citing *Bloom v. United States*, 391 U.S. 194, 203-04 (1968)). Section 401 "tersely and concisely provides that a [f]ederal court shall have the power to punish for contempt any person who violates one of its orders." *Id.* It "plainly authorizes a criminal sanction." *Id.*

Federal Rule of Criminal Procedure 42 affords alleged contemnors certain procedural safeguards. In pertinent part, Federal Rule of Criminal Procedure 42 provides:

### Rule 42. Criminal Contempt

**(a) Disposition After Notice.** Any person who commits criminal contempt may be punished for that contempt after prosecution on notice.

**(1) Notice.** The court must give the person notice in open court, in an order to show cause, or in an arrest order. The notice must:

**(A)** state the time and place of the trial;
**(B)** allow the defendant a reasonable time to prepare a defense; and
**(C)** state the essential facts constituting the charged criminal contempt and describe it as such.

**(2) Appointing a Prosecutor.** The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt.

**(3) Trial and Disposition.** A person being prosecuted for criminal contempt is entitled to a jury trial in any case in which federal law so provides and must be released or detained as Rule 46 provides. If the criminal contempt involves disrespect toward or criticism of a judge, that judge is disqualified from presiding at the contempt trial or hearing unless the defendant consents. Upon a finding or verdict of guilty, the court must impose the punishment.

Fed. R. Crim. P. 42(a).

Pursuant to Rule 42(a)(1), the court shall now set forth the essential facts of Tavar Stephens's alleged criminal contempt. During the criminal jury trial of Dorian Ragland in Case No. 06-CR-01-LRR, in August of 2006, in the Northern District of Iowa, the government called Tavar Stephens as a witness. Stephens refused to testify voluntarily. On August 29, 2006, the court ordered Stephens to testify. Stephens refused, in direct disobedience of the court's order.

Pursuant to Rule 42(a)(2), the court formally requests that Assistant United States Attorney C.J. Williams prosecute this alleged criminal contempt. If AUSA Williams wishes to decline this request, he should do so by filing a motion on or before October 2, 2006.

Stephens shall be afforded a reasonable time to prepare a defense. On or before October 10, 2006, Stephens shall inform the court how long he needs to prepare a defense.

At that time, Stephens shall also inform the court whether he wants a jury trial or whether he wishes to waive his right to a jury trial. The court shall then set the time and date for trial.

The Clerk of Court is directed to open a new criminal case, entitled *In re Tavar Stephens*. *See generally In re McConnell*, 370 U.S. 230 (1962); *In re Brown*, 454 F.2d 999 (D.C. Cir. 1971); *In re Terry*, 36 F. 419 (C.C.N.D. Cal. 1888); *cf. Ex Parte Shores*, 195 F. 627 (N.D. Iowa 1912).

## IV. DISPOSITION

**IT IS THEREFORE ORDERED:**

(1)   The Motion (docket no. 93) is **GRANTED**;

(2)   The Clerk of Court is directed to open a new criminal case in the Cedar Rapids Division, entitled *In re Tavar Stephens*;

(3)   The Clerk of Court is directed to file the instant Order in the above-encaptioned case and the instant Order, the Motion (docket no. 93), the Scheduling Order (docket no. 94), the Resistance (docket no. 95) and the Minutes of the hearing (docket no. 96) in the new criminal case;

(4)   All future filings regarding this alleged criminal contempt shall be filed in *In re Tavar Stephens*;

(5)   The new case shall reflect that Tavar Stephens is the Alleged Contemnor and is represented by Attorney Mark C. Meyer; and

(6)   On or before October 10, 2006, Stephens shall inform the court how long he needs to prepare a defense. At that time, Stephens shall also inform the court whether he wants a jury trial or whether he wishes to waive his right to a jury trial.

**IT IS SO ORDERED.**

**DATED** this 29th day of September, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA