# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06-CR-1-LRR |
| vs. | |
| DORIAN RAGLAND, | **ORDER** |
| Defendant. | |

_____

The matter before the court is the government's Motion Regarding the Admissibility of Conduct in Furtherance of the Charged Crime ("Motion") (docket no. 92), filed on September 19, 2006.

Count 1 of the Indictment charges Defendant with distribution of heroin causing the death of Zach Lane on or about January 9, 2001. Defendant was tried on this charge in September of 2006, and the trial ended in a mistrial. The government, however, expects to present the same evidence at the upcoming retrial. During Defendant's first trial, Andrew Grief and Matt Fountain testified that they purchased heroin from Defendant in 2000 and 2001. Furthermore, several witnesses testified that, in 2000 and 2001, Zach Lane identified Defendant as his source of heroin.

In its Motion, the government requests the court find that Defendant's prior heroin distribution in Cedar Rapids during 2000 and 2001 is direct evidence of the crime charged and not evidence admissible under Federal Rule of Evidence 404(b). Specifically, the government argues that evidence of Defendant's distribution of heroin during 2000 and 2001 is direct evidence of his distribution of heroin on or about January 9, 2001. In his

October 19, 2006 Response to the government's Motion, Defendant asserts that evidence that Defendant distributed heroin during 2000 and 2001 is not direct evidence that he distributed heroin to Zach Lane on January 9, 2001.

In support of its argument, the government relies on *United States v. O'Dell*, 204 F.3d 829 (8th Cir. 2000). *O'Dell*, however, is distinguishable from Defendant's case. In *O'Dell*, the defendant was charged with conspiring to distribute methamphetamine from 1994 until 1997. *Id*. at 833. The Eighth Circuit Court of Appeals held that evidence that the defendant possessed methamphetamine on October 7, 1996, tended to prove that a conspiracy to distribute methamphetamine existed and the defendant was a part of that conspiracy from 1994 until 1997. *Id*. at 833-34. Defendant, however, is charged with distributing heroin to Zach Lane on a specific date, January 9, 2001, rather than with a conspiracy. Defendant's distribution of heroin to Zach Lane or others on other dates during 2000 and 2001 does not tend to prove that he did so on January 9, 2001.

Evidence that Defendant allegedly committed other instances of distribution of heroin is not admissible to prove that he did so on January 9, 2001. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Fed. R. Evid. 404(b). While such evidence might be admissible for some other purpose, in its Motion, the government does not request the court make that determination. Accordingly, the court shall deny the government's Motion.

**IT IS ORDERED:**
(1) The court **DENIES** the government's Motion Regarding the Admissibility of Conduct in Furtherance of the Charged Crime (docket no. 92); and
(2) The period between the filing of the government's motions and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C.

§ 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 23rd day of October, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA